IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11cv24

| | | |
|---|---|---|
| DAVID HALL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case is now before the Court on the administrative record and the parties' Motions for Summary Judgment [# 6 & # 11]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 11] and **AFFIRM** the decision of the Commissioner.

I.    **Procedural History**

Plaintiff filed a Title II application for disability benefits on April 2, 2009. (Transcript of Administrative Record ("T.") 10, 91.) The application alleged that

Plaintiff became disabled beginning August 2, 2000. (T. 10, 81, 91.) The Social Security Administration denied Plaintiff's claim, finding that he was not disabled. (T. 35-38.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 40-47.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 16.) The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 15.) Subsequently, the Appeals Council denied Plaintiff's request for review of the decision. (T. 1-3.) Plaintiff then timely brought this action seeking review of the Commissioner's decision.

## II.   Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. <u>Mastro</u>, 270 F.3d at 177; <u>Johnson</u>, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his August 16, 2010, decision, the ALJ found that Plaintiff was not disabled under Sections 216(I) and 223(d) of the Social Security Act. (T. 15.) The ALJ made the following specific findings:

(1) The claimant last met the insured status requirements of the Social Security Act on December 31, 2005.

(2) The claimant did not engage in substantial gainful activity during the period from his alleged onset date of August 2, 2000 through his date last insured of December 31, 2005 (20 CFR 404.1571 *et seq.*).

(3) Through the date last insured, the claimant had the following impairments that are severe in combination: remote history of myocardial infarction; mild hydrocephalus; history of thumb injury; and essential hypertension (20 CFR 404.1520©).

(4) Through December 31, 2005, his date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20

-3-

        CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 416.926).

(5)     After careful consideration of the entire record, the undersigned finds that through his date last insured, December 31, 2005, the claimant had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).

(6)     Through the date last insured, the claimant was capable of performing past relevant work as a self-employed automobile salesman. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

(7)     The claimant was not been under a disability, as defined in the Social Security Act, at any time from August 2, 2000, the alleged onset date, through December 31, 2005, the date last insured (20 CFR 404.1520(f)).

(T.12-15.)

### VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation

marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.  **Analysis**[1]

A.  **The ALJ Properly Evaluated the Medical Opinion Evidence**

Plaintiff's primary argument for why remand is required in this case is that the ALJ failed to properly evaluate the medical opinion of Dr. Eva Morganstern and the opinion of Lee Sanders. (Pl.'s Mem. Support Mot. Summ. J. at 7-9.) Dr. Eva Morganstern is Plaintiff's treating physician who saw Plaintiff for the first time on August 12, 2005. (T. 139.) The record does not reflect that Plaintiff met with Dr. Morganstern on any another occasions prior to the date last insured. Dr. Morganstern, however, offered her opinion, which was dated January 19, 2010, that Plaintiff was disabled. (T. 428.) In response to the question as to when she

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

believed Plaintiff became disabled, Dr. Morganstern stated "Uncertain-2006. (Id.) Lee Sanders is a social worker who, according to Plaintiff, has been treating him since 2008. (T. 431; Pl.'s Mem. Support Mot. Summ. J. at 5.)

In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

Mastro, 270 F.3d at 178.

The testimony of a treating social worker, however, is not entitled to controlling weight. See SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006)

(explaining that only an acceptable medical source can be considered a treating source); see also Bliss v. Comm'r Soc. Sec., 406 F. App'x 541, 541 (2nd Cir. 2011) (unpublished); Payne v. Astrue, No. 2:10cv71, 2011 WL 4959840 (W.D. Va. Oct. 19, 2011); Russell v. Astrue, No. 2:10cv5, 2010 WL 4027786 (W.D. Va. Oct. 14, 2010). In fact, a licensed clinical social worker is not even an acceptable medical source who can provide evidence to establish an impairment. See SSR 06-03p; 20 C.F.R. § 404.1513; Giese v. Barnhart, 55 F. App'x 799, 801 (9th Cir. 2002) (unpublished) (holding that a licensed clinical social worker is not an acceptable medical source under 20 C.F.R. § 404.1513(a)); Payne, 2011 WL 4959840; Russell, 2010 WL 4027786. Rather, Sanders was an "other source" whose evidence could be used to show the severity of Plaintiff's impairment and how it affected his ability to work. 20 C.F.R. § 404.1513; SSR 06-03p; Giese, 55 F. App'x at 801; Canales v. Comm'r Soc. Sec, 698 F. Supp. 2d 335, 344 (E.D.N.Y. 2010); Russell, 2010 WL 4027786; Correll v. Astrue, No. 3:08cv280, 2009 WL 2601917, at *8 (E.D. Tenn. Aug. 24, 2009).

Finally, statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Because they are administrative findings, "treating source

opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." Id.

Upon a review of the decision of the ALJ and the entire record in this case, the Court finds that the ALJ did not err in disregarding the 2010 opinions of Dr. Morganstern and Sanders. Plaintiff must prove that he was disabled prior to the date of last insured, December 21, 2005. See Johnson v. Barnhart, 434 F.3d 650, 656 (4th Cir. 2005). Although these individuals opined as to the current severity of Plaintiff's impairments and his current work limitations (T. 427-33.), neither opinion addresses the pertinent question of Plaintiff's limitations prior to December 21, 2005. Put simply, neither opinion is relevant to the inquiry into whether Plaintiff was disabled from August 2, 2000, through December 31, 2005. See id. Accordingly, Plaintiff's contention that the ALJ failed to give the proper weight to the opinions of Dr. Morganstern and Ms. Sanders is without merit.

**B.    The ALJ Did Not Err by Failing to Have a Medical Expert Attend Plaintiff's Hearing**

Plaintiff next contends that the ALJ erred by failing to follow SSR 83-20 and "have a medical expert attend Plaintiff's hearing. . . ." (Pl.'s Mem. Support Mot. Summ. J. at 10.) The stated purpose of SSR 83-20 is "[t]o state the policy and describe the relevant evidence to be considered when establishing the onset date of

disability under . . . the Social Security Act . . . ." SSR 83-20, 1983 WL 31249 (1983). In short, SSR 83-20 provides that where the medical evidence of the onset date of a disabling impairment is ambiguous and must be inferred, the ALJ must call on a medical adviser to render a decision as to the date of the onset of the disability. Bailey v. Chater, 68 F.3d 75, 79-80 (4th Cir. 1995). Based on the plain language of the ruling, however, SSR 83-20 only applies where the ALJ first determines that the claimant is disabled. SSR 83-20, 1983 WL 31249 (1983); see also Sides v. Astrue, No. 3:10cv522-RJC-DSC, 2011 WL 5037221 (W.D.N.C. Jul. 12, 2011) (Cayer, Mag. J.) (collecting cases); King v. Astrue, No. 3:09cv493-RJC-DCK, 2010 WL 4977067, at *4 (W.D.N.C. Nov. 8, 2010) (Keesler, Mag. J.); Creasey v. Astrue, No. 5:10cv83, 2011 WL 1238032, at *3 (W.D. Va. Apr. 4, 2011). Because the ALJ in this case found that Plaintiff was not disabled, there was no need for the ALJ to determine the onset date of the disability and, thus, SSR 83-20 did not require the ALJ to obtain a medical expert to provide an opinion as to a disability onset date. See Sides, 2011 WL 5037221; King, 2010 WL 4977067, at *4; Creasey, 2011 WL 1238032, at *3; Klawinski v. Comm'n Soc. Sec., 391 F. App'x 772, 776 (11th Cir. 2010) (unpublished); Deberry v. Comm'n Soc. Sec. Admin., 352 F. App'x 173, 175 (9th Cir. 2009) (unpublished); Gutierrez v. Astrue, 253 F. App'x 725, 729 (10th Cir. 2007) (unpublished). Accordingly, the ALJ did

not err by not having a medical expert attend Plaintiff's hearing.

### C. The ALJ Followed the Special Technique Set Forth in 20 C.F.R.§ 404.1250a

Plaintiff also contends that the ALJ erred by failing to comply with 20 C.F.R.§ 404.1250a in assessing his mental limitations due to his depression and hydrocephalus. (Pl.'s Mem. Support Mot. Summ. J. at 10-11.) Consistent with 20 C.F.R. § 404.1250a, however, the state agency psychologists applied the special technique and documented how they applied it on a standard document, as set forth in 20 C.F.R. § 404.1250a(e). (T. 356-69, 386-399.) Dr. Richard Cyr-McMillion noted that Plaintiff suffered from depression but there were no episodes of decompensation and insufficient evidence to rate the degree of limitation as to the three remaining mental functional areas. (T. 359, 366.) Similarly, Dr. Nancy Herrenra found that there were no episodes of decompensation and insufficient evidence to rate the degree of limitation as to the three remaining mental functional areas. (T. 396.)

The ALJ then, consistent with 20 C.F.R. § 404.1250a(e), discussed the findings of the state agency psychologists in his decision. (T. 13.) The ALJ found that the opinions of the state agency psychologists were consistent with the medical evidence in the record and that the medical evidence was insufficient to establish that his depression was a severe impairment or that his mental impairments imposed

significant work-related functional limitations. (T. 13-14.) As the record demonstrates, the ALJ complied with 20 C.F.R. § 404.1250a in this case and applied the special technique for evaluating Plaintiff's mental impairments. Accordingly, Plaintiff's contention that the ALJ failed to comply with 20 C.F.R.§ 404.1250a is without merit.

### D. The ALJ's RFC Determination was Supported by Substantial Evidence

Plaintiff contends that remand is required because the ALJ did not comply with SSR 96-8p and assess the nature and extent of his mental limitations and address his functional limitations stemming from these mental limitations. (Pl.'s Mem. Support Mot. Summ. J. at 11.) SSR 96-8 provides that in assessing a claimant's residual functional capacity, the ALJ shall first identify the individual's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8, 1996 WL 374184, at *1 (Jul 2, 1996). After identifying the claimant's limitations and assessing his or her work related abilities, the ALJ expresses the claimant's residual functional capacity in terms of exertional levels of work. Id.

Here, the ALJ based his RFC, in part, on the function-by-function analysis of the state agency reviewing physicians. (T. 13, 370-98.) By doing so, the ALJ satisfied the requirements of SSR 96-8p. Lemken v. Astrue No. 5:07cv33-RLV-

DCK, 2010 WL 5057130, at *8 (W.D.N.C. Jul. 26, 2010) (Keesler, Mag. J.) ("[T]he ALJ will have complied with the requirements of Social Security Ruling 96-8p if he bases his RFC on the state examiner's function-by-function analysis of Plaintiff's exertional limitations. . . ."); King v. Astrue, No. 3:10cv536-RJC-DSC, 2011 WL 6032707, at *3 (W.D.N.C. May 24, 2011) (Cayer, Mag. J.) ("Because the ALJ based his assessment of the Plaintiff's RFC on the function-by-function assessment of the state agency reviewing physicians, the ALJ's RFC assessment complied with SSR 96-8p."). Moreover, while Plaintiff contends that the ALJ did not address Plaintiff's mental limitations in assessing Plaintiff's RFC, Plaintiff fails to cite the Court to any evidence in the medical records that contradict the ALJ's determination that Plaintiff could perform light work during the relevant time period. Upon a review of the evidence in the record, the Court finds that the ALJ's RFC is supported by substantial evidence in the record.

### E.     The ALJ Did Not Violate Provisions of HALLEX

Finally, Plaintiff contends that the ALJ is bound by the Social Security Administration, Office of Hearings and Appeals, Litigation Law Manual (HALLEX) II-1-11-12 and erred by not assigning the appropriate weight to the rating of unemployability from the Veterans Administration. (Pl.'s Mem. Support Mot. Summ. J. at 11-12.)   As a threshold matter, this Court has reviewed the

HALLEX, which is available online at http:// www.ssa.gov/OP_Home/hallex/hallex.html, and the section cited by Plaintiff does not appear to exist. See Doherty v. Astrue, No. 07-cv954, 2009 WL 1605360, at *8 (N.D.N.Y. Jun. 5, 2009) (recognizing that HALLEX II-1-11-12 does not exist).  This Court cannot recommend remanding a case based on the alleged violation of a nonexistent section of the HALLEX.  Moreover, even if this section existed, HALLEX is an internal guidance tool that lacks the force of law.  Melvin v. Astrue, 602 F. Supp. 2d 694, 704 (E.D.N.C. 2009); Overcash v. Astrue, No. 5:07cv123-RLV, 2011 WL 815789, at *6-7 (W.D.N.C. Feb. 28, 2011) (Voorhees, J.); Doherty, 2009 WL 1605360, at *8.  Finally, even assuming that the ALJ violated HALLEX and that HALLEX provided a remedy to Plaintiff, Plaintiff has failed to demonstrate how he was prejudiced from any violation of HALLEX.  See Melvin, 602 F. Supp. 2d at 704-05.  In fact, Plaintiff's argument regarding this alleged error spans two sentences and fails to offer any discussion as to how he was prejudiced by the alleged failure of the ALJ to consider a rating of unemployability from the VA. (Pl.'s Mem. Support Mot. Summ. J. at 11-12.)   Accordingly, the Court finds that HALLEX does not require remanding this case.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 11], **DENY** Plaintiff's Motion for Summary Judgment [# 6], and **AFFIRM** the Commissioner's decision.

Signed: March 26, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)©, and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).